(No. 76-CC-0195▮▮▮▮▮▮)

LINDER D. DEVORE and IOWA KEMPER INSURANCE COMPANY, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 28, 1978.*

SHEARER, O'BRIEN, BLOOD, AGRELLA and BLOSE, by MICHAEL F. O'BRIEN, Attorneys for Claimant.

WILLIAM J. SCOTT, Attorney General; BRYAN B. LAVINE, Assistant Attorney General, for Respondent.

POLOS, C.J.

Claimant, Linder D. Devore, has brought this action to recover the value of certain items of personal property stolen from his house on June 30, 1975. It is Claimants theory that the theft from his house was perpetrated by an escaped inmate of the Illinois Youth Center at St. Charles, Illinois, and was proximately caused by the negligence of State employees in permitting his escape.

Iowa Kemper Insurance Company had covered Claimant's loss in the amount of $900.00, and is therefore joined as an additional party.

On June 30, 1975, Linder Devore returned to his home on the outskirts of St. Charles, Illinois at about 3:30 p.m. to discover that the home had been burglarized. An investigator from the St. Charles Police Department discovered a set of tennis shoe prints that lead into a plowed field adjacent to Devore's garage. The prints led across the field until they were lost in the grass of a neighboring subdivision.

A neighbor of Devore had said that she saw a black male wearing white and blue tennis shoes, proceeding through the field on the day in question.

Earlier on June 30, 1975, one Arther Withers, a black youth, had escaped from the Illinois Youth Center at St. Charles. Withers was apprehended by the Chicago Police Department on July 3, 1975, and returned to St. Charles. He denied any knowledge of the burglary, and none of the items stolen were found in his

possession. A print of his blue and white tennis shoes, was compared with photographs taken of the footprints in the muddy field adjacent to Claimant's home. The size, shape and general sole characteristics of his shoes were similar to those in the photograph.

It is Claimant's theory that Arthur Withers perpetrated the burglary of his home, and that employees of the Illinois State Training School For Boys, failed to use reasonable care in preventing an escape.

Even if we were to assume that sufficient evidence has been presented to establish that Arthur Withers indeed committed the burglary, there is a total absence of proof in the record that agents of the State were negligent in permitting his escape. Claimant introduced no testimony as to how Withers escaped, whether the negligence of any of Respondent's employees was a factor in his escape, or whether the escape should have been anticipated by the school officials.

The State may be charged with liability for wrongful acts committed by escaped inmates of its institutions. However this Court has consistently held that to recover on such a theory a Claimant must prove by the preponderance of the evidence that the State was negligent in permitting the escape. *Dixon Fruit Company v. State, 22 Ill. Ct. Cl. 271; Huff v. State, 22 Ill. Ct. Cl. 361; Goldring v. State, 27 Ill. Ct. Cl. 165.*

There being no proof in the record that the State was negligent in supervising Arther Withers and permitting his escape, this claim must be denied.